**Commonwealth v. Cochran**

*Timothy C. Andrews, assistant district attorney,* for the Commonwealth.

*Dennis P. Craig,* for defendant.

ACKERMAN, *J.,* May 20, 1992—After conducting a hearing on the defendant's motion to suppress evidence on April 23, 1992, the court enters the following

### FINDINGS OF FACT

(1) Officer Hugh Shearer of the Rostraver Township Police Department, while investigating the issuance of a bad check to K-Mart drawn upon the account of Jeffrey Peden, learned from Trooper Bradley Shields of the Pennsylvania State Police on June 28, 1991, that the defendant, Allen Clyde Cochran, had been arrested by the Murrysville Police Department for theft by deception because he al-

legedly had purchased merchandise with a Peden check, and that the defendant was confined to the Indiana County Jail on those charges.

(2) On July 18, 1991, Officer Shearer prepared a photographic array containing eight photographs, including one of the defendant, and Officer Robert Glass presented the same to Danielle Mazure, the cashier at K-Mart, who had received the check from the customer.

(3) There was nothing suggestive about the photo array or its presentation.

(4) Ms. Mazure had an ample opportunity to view the customer who had presented the check. The customer had purchased $476 in merchandise, which was an unusually large purchase, and while Ms. Mazure waited for her supervisor to approve the transaction, she stood by the customer who was only two to three feet away, observing him in the well lit store.

(5) Ms. Mazure selected the defendant's photo from the array as the customer who gave her the check.

(6) When the identification was made, the defendant was in the Indiana County Jail, as stated above, on other charges and was unrepresented by counsel.

(7) Criminal charges from the K-Mart incident were filed against the defendant on July 31, 1991, 13 days after the photo identification.

## CONCLUSIONS OF LAW

(1) The right to counsel guaranteed by Article I, §9 of the Pennsylvania Constitution attaches to photographic identifications where the suspect is in custody at the time of the identification, and the identification is intended to be used as evidence in the prosecution of the charges on which the suspect is being held.

(2) The right to counsel during the display of a photographic array does not attach when the suspect is in custody on different charges.

## DISCUSSION

The issue before the court is when does the right to counsel attach to the presentation of a photographic array to a witness? The right to counsel under these circumstances is not recognized as part of the Sixth Amendment's guarantee of counsel. *United States v. Ash,* 413 U.S. 300, 321, 93 S.Ct. 2568, 2579, 37 L.Ed.2d 619 (1973). And, therefore, in this Commonwealth the right to a counseled photo array rests solely upon Article I, §9 of the Pennsylvania Constitution. When a suspect is in custody and the display is shown to a witness to the crime for which the suspect is being held, all would agree that the right to counsel attaches, and that counsel should be afforded to the suspect to be present when the identification is attempted. The defendant in this case was being held in jail on other charges when the identification was made and asserts that his right to counsel under the state constitution was violated when his picture was shown as part of an array to a witness, citing *Commonwealth v. McKnight,* 311 Pa. Super. 370, 457 A.2d 931 (1983). The defendant contends that he was being held on related charges since checks drawn on the same account were involved in both the charge on which he was being held and the crime being investigated, and that the investigating officer knew he was in jail. The right to counsel discussed by the *McKnight* court, however, is not that broad. The court, rather, stated: "We therefore hold that in Pennsylvania, the right to counsel does not attach when the suspect is in custody for a different offense." *Id.* at 375, 457 A.2d at 934. Notwithstanding the similarity of the evidence, the defendant was in custody on a different

offense, and the absence of counsel during the identification of his photograph did not violate his rights under Article I, §9.

### ORDER OF COURT

And now, May 20, 1992, the defendant's motion to suppress his photographic identification as evidence is denied.